UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
WILBUR WRIGHT,

                     Petitioner,                              **ORDER**

   -against-                                              15-cv-4332 (JMA)

WARDEN of AUBURN CORRECTIONAL
FACILITY,

                     Respondent.
----------------------------------------------------------------X

**AZRACK, United States District Judge:**

On July 8, 2015, Wilbur Wright ("Wright"), proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the Southern District of New York, challenging his convictions for predatory sexual assault against a child and use of a child in a sexual performance. Wright also moved for in forma pauperis status and asked the Court to appoint counsel.

On July 20, 2015, Wright's petition was transferred to this Court. On August 11, 2015, this Court directed Wright to explain the basis for his habeas petition because his petition did not state whether he had ever sought post-conviction relief and failed to identify any federal constitutional defect related to his convictions. The Court also granted Wright in forma pauperis status for the purpose of that order, but deferred deciding Wright's request for appointment of counsel.

By letter dated August 21, 2015, Wright responded that he had never filed any motion on his own and that he wanted to "plead insanity because of [his] meantal [sic] disabilities and drug use which impaired [his] thinking on commiting [sic] these crimes." Wright also mentioned that a video tape was used as evidence against him at trial and that his wife, daughters, and step-

daughter testified against him at trial, but did not explain why or how that evidence violated his federal constitutional rights.

On September 30, 2015, the Court again directed Wright to provide information requested in the August 11, 2015 Order explaining the basis for his habeas petition. The Court also cautioned Wright that filing a habeas petition does not stay or toll the one-year statute of limitations applicable to such petitions if he has not exhausted a particular claim in state court. The Court further warned that failure to respond to the Order may result in dismissal of the petition without prejudice. The Court granted Wright in forma pauperis status for the purpose of responding to the Order.

Wright responded with a supplemental letter on October 9, 2015. With respect to the claim that he was prevented from raising an insanity defense at trial, Wright stated that his trial lawyer "never explained to the Judge obout [sic] my meantal [sic] disabilities obout [sic] me being on SSI and that im [sic] skitsofrenia [sic] that I hear voices and see things that ar [sic] not there." Wright also generally asserted that he "felt [his] lawyer did not give [him] constitutionally adequate representation at trial." With respect to the videotape introduced at trial, Wright stated that his "thinking was impared [sic] and that [he] was not in the right state of mind. When the videotape was played at trial [he] had no defens [sic] once the jury saw the tape." With respect to the testimony from his family members at trial, he stated that "my wife never told the jury obout [sic] my meantal [sic] disabilaties [sic] and my daughter Maxin lied and said I had no pants on wich [sic] I did. And she lied and said I was on top of my step daughter having sex in so many words. That was a seperat [sic] insadence [sic] frome [sic] the videotape."

As explained below, Wright's petition, even as supplemented by his August 21, 2015 and October 9, 2015 letters, does not adequately explain the basis for his petition. Although Wright

stated that he suffers from mental disabilities and is not familiar with court procedure, Wright must still explain the basis for his petition and show that the claims in his petition have been exhausted in state court.

Wright's explanation of his claims concerning the videotape introduced at trial and the testimony of his family members is insufficient. In his petition, Wright has not explicitly identified any alleged error concerning this evidence or explained why he believes his constitutional rights were violated.

On direct appeal, the New York Appellate Division First Department affirmed the County Court's judgment, noting that: (1) "defendant's arguments regarding a videotape that was admitted into evidence and played for the jury are without merit"; (2) "under the circumstances, the court did not deny the defendant his right to confront the victim when it precluded the defendant from playing the videotape while cross-examining her"; and (3) the court "did not improvidently exercise its discretion in permitting the People to call a psychologist to give certain testimony." People v. Wright, 119 A.D.3d 823, 823 (N.Y. App. Div. 1st Dep't 2014). The New York Court of Appeals denied Wright's Application for Leave to Appeal on September 29, 2014. People v. Wright, 24, N.Y.3d 966 (N.Y. 2014).

An individual in state custody pursuant to a state court judgment may seek a writ of habeas corpus from a district court "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); see also Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996). "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless . . . the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). "The exhaustion requirement . . . is not

satisfied unless the federal claim has been 'fairly presented' to the state courts." Jimenez v. Walker, 458 F.3d 130, 148–49 (2d Cir. 2006) (citing Daye v. Attorney Gen. of State of N.Y., 696 F.2d 186, 191 (2d Cir. 1982) (en banc)). A claim is "fairly presented" where the petitioner has "informed the state court of both the factual and the legal premises of the claim he asserts in federal court." Daye, 696 F.2d at 191.

In light of the deficiencies in Wright's submissions and his failure to provide information about what claims he raised and exhausted in any state direct or collateral appeal, the Court construes Wright's habeas petition to raise the same arguments concerning the video evidence that he previously raised on direct appeal. See People v. Wright, 119 A.D.3d 823, 823 (N.Y. App. Div. 1st Dep't 2014). However, it does not appear that Wright has exhausted any other claims included in his petition, including his claim that he received ineffective assistance of counsel.

Generally, a petitioner must have exhausted all available state remedies before filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Rose v. Lundy, 455 U.S. 509, 522 (1982). When a petitioner has a filed a "mixed" habeas petition, which contains both exhausted and unexhausted claims, the district court has several options: (1) deny the petition on the merits where the claims are clearly meritless; (2) allow a petitioner to omit the unexhausted claim and proceed with the exhausted claim; (3) dismiss the petition in its entirety without prejudice; or (4) under very limited circumstances, the court may "stay the petition and hold it in abeyance while the petitioner returns to state court to exhaust his previously exhausted claims." Ortiz v. Heath, No. 10-CV-1492 (KAM), 2011 WL 1331509 at *14 (E.D.N.Y. Apr. 6, 2011) (quoting Rhines v. Weber, 544 U.S. 269, 275 (2005)).

Although the Court has serious doubts about the merits of Wright's exhausted and unexhausted claims, the Court cannot, based on the current record, conclude that all of Wright's

claims are "patently frivolous" or "plainly meritless." Therefore, the Court will not deny the petition on the merits at this juncture.

AEDPA places significant limits on a district court's discretion to stay a mixed habeas petition to allow the petitioner to exhaust any unexhausted claims. Rhines, 544 U.S. at 276–77. A court may only issue a stay when: (1) petitioner has not engaged in any intentionally dilatory litigation tactics; (2) there is good cause for the petitioner's failure to exhaust the unexhausted claims in state court before bringing a federal habeas petition; and (3) the unexhausted claims are not "plainly meritless." Id. at 277. Wright has not filed a motion to stay his petition, nor has he provided the Court with any reason for his failure to exhaust his unexhausted claims. Based on the record before the Court, the Court does not find that good cause exists for Wright's failure to exhaust those claims. Therefore, the Court will therefore not stay the petition.

Wright's remaining options are to either (1) voluntarily dismiss the petition without prejudice, or (2) proceed only with the exhausted claims about the video evidence.

If Wright voluntarily dismisses the petition without prejudice so that he can seek to exhaust his unexhausted claims in state court, any subsequent petition he files may be barred by AEDPA's one-year statute of limitations, under which "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(d)(1). The Court cautions Wright that the filing of his current petition did not stay AEDPA's one-year statute of limitations for any subsequent petitions he may file— the statute of limitations for any subsequent petitions has continued to run during the time that his current petition has been pending before this Court. Rhines, 544 U.S. at 274–75. When a petition is barred by AEDPA's statute of limitations, a district court can only review the claims on the merits if the petitioner can establish a basis for tolling the one-year statute of limitations. See Pace

v. DiGuglielmo, 544 U.S. 408, 418 (2005) ("Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.").

In the alternative, if Wright proceeds with only the exhausted claims in his current petition[1], he "risks forfeiting federal review on his unexhausted claims altogether," because, under that scenario, "a subsequent petition raising these claims after exhaustion would run into the 'second or successive petition' bar found in 28 U.S.C. § 2244(b)(1)."[2]  Ayuso v. Lavalley, No. 12–CV–0932, 2012 WL 1531036, at *1 (E.D.N.Y. May 1, 2012).

In light of the above, **Wright must advise the Court by letter within thirty (30) days of the date of this Order how he wishes to proceed.  The Court warns Wright that failure to respond to this Order may result in the dismissal of his petition without prejudice.**

---

[1] The Court again emphasizes that it deems Wright's only exhausted claims to be the claims concerning the video evidence that he previously raised on direct appeal.  If Wright chooses to pursue only the exhausted claims in his current petition and he believes any additional claims have been exhausted, he must advise the Court when he chooses to pursue this option or he risks forfeiting federal habeas review of those claims.

[2]  Under the "second or successive petition" bar,

> "a petitioner may not file a second habeas petition after his first petition was adjudicated on the merits unless a three-judge panel of the court of appeals determines that the petition 'relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable,' or that 'the factual predicate for the claim could not have been discovered previously through the exercise of due diligence,' and 'the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.' This standard is extremely difficult to meet."

Ayuso v. Lavalley, No. 12–CV–0932, 2012 WL 1531036, at *1 n.1 (E.D.N.Y. May 1, 2012) (quoting 28 U.S.C. § 2244(b)).

The Court grants Wright <u>in forma pauperis</u> status for purposes of responding to this Order.

The Clerk of Court is directed to mail a copy of this Order to petitioner.

**SO ORDERED.**

Dated:  November 30, 2015
Central Islip, New York

                                              /s/ (JMA)
                                              JOAN M. AZRACK
                                              UNITED STATES DISTRICT JUDGE